## 8993

### WILLIAMS v. WEEKLEY.

#### (84 S. E. 299.)

APPEAL AND ERROR. EVIDENCE. AGENCY. RELEVANCY. WILFULNESS. DAMAGES. CLAIM AND DELIVERY. CHARGE. BILLS AND NOTES CHATTEL MORTGAGES.

1. APPEAL AND ERROR.—Exceptions not argued will be deemed abandoned.

2. EVIDENCE.—Testimony that plaintiff got the property in question from C., is not objectionable as contradicting varying statement in written instrument of mortgage of same property given a third party.

3. EVIDENCE—PRINCIPAL AND AGENT.—Parol testimony is admissible to show agency of persons receiving money for a mortgagee, and payment through such agent.

4. EVIDENCE—WILFULNESS.—Where a wilful trespass in taking personal property is alleged, the admission of testimony to show the circumstances which led to the taking, is within the discretion of the trial Judge.

5. CHARGE—APPEAL AND ERROR.—Where the Court through mere oversight omits to charge the jury upon a proposition of law, and the appellant fails to call his attention to the omission, he waives it.

6. CLAIM AND DELIVERY—DAMAGES.—The provision in Code Civil Proc., sec. 338, that where either party to an action for recovery of personal property gives bond for the property in question, as provided by law, no punitive damages shall be allowed for anything occurring in the pending action in which the bond is given, after giving such bond; does not shield against future actions for punitive damages

for wilful acts committed after the termination of such pending action.

7. EVIDENCE—RELEVANCY.—Where there was testimony tending to show agency of a third party to receive payments due a mortgagee, receipts given by such party for such payments are relevant in action against the assignee of the mortgagee.

8. BILLS AND NOTES—CHATTEL MORTGAGES.—An assignee after maturity of a negotiable note, and chattel mortgage securing same, acquires only the rights of his assignor, and cannot claim to be an innocent purchaser for value without notice of payments theretofore made to the mortgagee or his agent.

Before SPAIN, J., Barnwell, March, 1913.    Affirmed.

Action by Paul Williams against Annie E. Weekley for claim and delivery of personal property.    The defendant claimed the right to retain possession of the property as assignee of a negotiable note, and chattel mortgage securing same, executed by the plaintiff to G. Frank Bamberg.

From judgment for plaintiff, defendant appealed.    The facts and exceptions are stated in the opinion.

*Mr. James M. Patterson,* for appellant, cites: *As to damages:* Code Civil Proc., sec. 338.    *As to receipts:* 17 Cyc. 1317.    *Defendant bona fide purchaser for value:* 67 S. C. 377; 89 S. C. 67.

*Messrs. V. S. Owens* and *J. O. Patterson, Jr.,* for respondent.

February 10, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is a proceeding in claim and delivery in which the plaintiff claims that the defendant, wrongfully, wilfully, maliciously and surreptitiously seized and withheld from him a certain mule, the property of the plaintiff.

The defendant claims the right to the possession of the property by reason of a chattel mortgage executed by the plaintiff to one, Bamberg, and assigned to her for value.

The plaintiff claimed to have paid the mortgage debt. There was a motion for a nonsuit, which was overruled. The jury found for the plaintiff the property and fifty dollars damages. From a judgment entered thereon, the defendant appealed.

There are seven exceptions with numerous subdivisions, but the appellant argues only four and the others under the well established rule of this Court are deemed abandoned The exceptions argued will be considered in order.

"The Court committed error of law in overruling objection to statement by plaintiff that he 'got the mule from Craddock,' the error being that this testimony changed the transaction from Bamberg to Craddock, changing a written contract which plaintiff had with Bamberg to a verbal one with Craddock."

This exception cannot be sustained.

The mortgage was not then in evidence, but it would have been immaterial if it had been. The plaintiff and Craddock signed the mortgage and if it covered the mule it was immaterial whether the plaintiff bought directly from Bamberg, or indirectly through Craddock. The fact that Craddock gave his note for the whole debt for several animals, would tend to show that the statement was true, and it in no way contradicted or varied the written instrument.

II. Exception 2. "The Court committed error of law in overruling defendant's objection and permitting plaintiff to testify, 'the money went through Mr. Craddock's hands,' and refusing to strike same out on defendant's motion; the error being that the contract was in writing with Bamberg, and no payment to anyone else could, as a matter of law, discharge the debt."

This exception cannot be sustained.

The plaintiff testified that he gave Mr. Craddock the money and took his receipt and then went with him to Mr.

Bamberg, the mortgagee, and saw the money paid to the mortgagee. Further, the plaintiff testified: "Mr. Bamberg says, 'you give this money to Mr. Craddock and he will bring it to me.'" There is no requirement that agency to receive money shall be in writing.

III. Exception 3. a. "The Court committed error of law in permitting plaintiff to testify over defendant's objection to any other attempt to get the mule, other than the one of March 26h; the error being that defendant was charged with a specific delict, alleged to have occurred on March 26th, and not with a series of attempts."

b. "There was further error in permitting said testimony over defendant's objection, because, at the time testified to, defendant had given her bond and taken the mule under claim and delivery proceedings. The law being that where a bond is given in such proceedings no punitive damages can be recovered thereafter."

c. "There was further error in permitting said testimony over defendant's objection, and saying: 'Go ahead; I will charge the jury what the law is.' The error being that it is an abuse of discretion to admit palpably incompetent testimony, even though the Judge should thereafter charge the law correctly. And particularly in this case, where the Judge failed and neglected to so charge."

a. On the question of punitive damages, it was within his Honor's discretion to allow the plaintiff to prove the circumstances that led up to the taking on March 26th. His Honor promised to charge the jury as to the effect of the previous takings on the final taking. It was manifestly a mere oversight that his Honor did not charge the jury in regard to it and it was the appellant's duty to have called his Honor's attention to it, and not having done so, is deemed to have waived it.

b. It appears from the record that the claim and delivery proceedings before the magistrate were had. That in the magistrate case the defendant here was the plaintiff; that

the magistrate granted a nonsuit, and while the magistrate was writing out an order for the return of the mule to Williams in that case, it was discovered that the mule had been taken away. If the mule was taken before the nonsuit was granted then the statute applies and no punitive damages could be recovered for the taking, but if the taking was after the proceedings had terminated by a nonsuit, then the statute would not apply. It is manifest that the giving of a bond in a proceeding for claim and delivery is not a shield from all future actions for punitive damages. The statute simply provides a shield while the suit is pending. If the appellant is entitled to the protection of a pending suit, it must be shown. It has not been shown. c. The statement under "a" applies here.

IV. Exception 4. "That the Court committed error of law in permitting the receipts to be introduced over defendant's objection; said receipts having been given by Craddock and Hogg. The error being that no agency being established, said receipts were incompetent, irrelevant and were greatly prejudicial to defendant, in that they were offered for the purpose of proving payment of the mortgage under which defendant claimed."

"There was further error in admitting these receipts over defendant's objection, because this defendant was an innocent purchaser for value; and until plaintiff carried knowledge and notice of the payment before the transfer of said mortgage to this defendant, no testimony of such payment was relevant or competent, and was, therefore, prejudicial to the defendant."

If these receipts stood alone they would be manifestly incompetent, but they do not. There was testimony that Mr. Bamberg had directed the plaintiff to pay the money to Mr. Craddock, and that he had seen Mr. Craddock pay it to Mr. Bamberg. If the jury believed that, then neither Mr. Bamberg nor those who claim under him can claim a repayment. The claim of innocent pur-

chaser for value without notice cannot avail here, because the note was not assigned until nearly three years after its maturity, and the assignees took it with all the rights of the parties preserved.

The judgment is affirmed.